NANCY K. BISHOP *vs*. BENJAMIN TRIPP, City Treasurer of the
City of Providence.

The statute 23 Henry VIII., for the reclamation of marsh' and for drainage, was never in
force in Rhode Island, did not provide for what is now called a system of sewers, and did
not give a jury trial in the matter of taxes and assessments.
*Query.* What English statutes are in force under the Rhode Island colonial act of A. D.
1749, as modified by subsequent legislation ?

PLAINTIFF'S petition for a new trial. The former proceedings
in this case are reported 15 R. I. 466.

*April* 14, 1888. PER CURIAM. This is an action to recover
divers sums of money paid under protest for sewer assessments.
The case was tried to the court at a former term, and decided
partly against the plaintiff. The plaintiff contended at the former
trial that the statutes authorizing the assessments were void be-
cause they give the assessed no right of jury trial, and are there-
fore in conflict with the Constitution of the State, article I. § 15,
which declares that the right of trial by jury shall remain invio-
late. The plaintiff cited, in support of her contention, the statute
23 Henry VIII., which she claimed was in force as a part of the
law of the State when the Constitution was adopted, and which
she also claimed gave to persons assessed for sewers a jury trial
in the matter of such assessments. The court overruled the point,
because it did not appear that the statute was ever in force in
the State. She now asks for a new trial on the ground that this
ruling was erroneous, and in support of her petition cites from the
Digest of 1766 a provision, not cited at the former. trial, to the
effect " that, in all actions, causes, matters and things, whatso-
ever, where there is no particular law of this colony, or act of
parliament, introduced for the decision and determination of the
same, then and in such cases the laws of England shall be in force
for the decision and determination of the same." This provision,
however, was repealed in the Digest of 1798, and another pro-
vision enacted to the effect that, in all cases not provided for by
the common law or the statutes of the State, " the statute laws of
England, which have heretofore been introduced into practice in
this State, shall continue to be in force until the General Assem-

bly shall especially provide therefor," pp. 77, 78. In the Digest of 1822 this provision was limited to " such statutes as were introduced before the declaration of Independence, and as have since been continued in practice in this State," making it in substance the same as has ever since remained on the statute book. It was this provision which was in force when the Constitution of this State was adopted, and if under it no English statutes were in force except such as are within its terms, the statute of 23 Henry VIII. never became a part of our law, for there is no reason to suppose that it was ever put in practice here.

But assuming (what is perhaps the better view, *Martin* v. *Clarke*, 8 R. I. 389, 403 ; *Sackett* v. *Sackett*, 8 Pick. 309, 316 ; Sedgwick on Statut. & Constit. Law, pp. 5–10, and cases cited ; 1 Kent Comment. *473) that the provision does not limit the ordinary rule, which is, as stated by Kent, " that all English statutes passed before the emigration of our ancestors, and applicable to our situation, and in amendment of the law, constitute a part of the common law of this country," but affects only such statutes as were passed in England after the emigration and before the Declaration of Independence, then the inquiry arises whether the statute of 23 Henry VIII. was applicable to our situation. An inspection of it shows that it was designed for the reclamation and protection of certain low and marshy parts of England, and for lands thêre which were subject to overflow and injury by floods and freshets, and that to that end it provides for the appointment of commissioners to construct and have charge of extensive systems of drainage, conferring upon them the necessary powers, and subjecting them to certain duties. The commissioners were to be appointed by the Lord Chancellor and Lord Treasurer, and the two Chief Justices of England, or by three of them, whereof the Lord Chancellor was to be one. We think it was clearly inapplicable to the situation in Rhode Island, and could not have been put into operation here if it had been applicable. The commissioners were called commissioners of sewers, but the sewers which they had to construct and superintend were not sewers in the sense in which we now use the word. The statute did not amend the common law.

But further than this, the plaintiff's claim is that the statute

gives to persons who are taxed or assessed under it the right to take their taxation or assessment by appeal before a jury for revision, and unless this claim is correct the reference to the statute, even if applicable, is entirely without pertinency. Now we have very carefully examined the statute, and though we find that power was conferred upon the commissioners to levy taxes and assessments, and enforce their payment by distraint, we cannot anywhere find any provision for jury trial in the matter of such taxes or assessments. We think the plaintiff is mistaken in supposing that there is any such provision.

New trial denied and petition dismissed with costs.

*Amasa M. Eaton*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.